UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS ROSSI, CHARLES BERTRAND, RICHARD BAMBACE, and JULIE McGUINNESS, on behalf of themselves and certain other RETIRED EMPLOYEES of the CITY OF WHITE PLAINS formerly in the CSEA BARGAINING UNIT,

                Plaintiffs,

-against-

CITY OF WHITE PLAINS, ADAM T. BRADLEY, as Mayor of the City of White Plains, COMMON COUNCIL of the City of White Plains, and THOMAS M. ROACH, BENJAMIN BOYKIN, II, DAVID BUCHWALD, MILAGROS LECUONA, DENNIS J. POWER, and BETH N. SMAYDA, as Members of the Common Council,

                Defendants.

---

10 CIV 05904

ECF CASE

COMPLAINT

Case No.

Judge

Demand for Jury Trial

---

Plaintiffs, NICHOLAS ROSSI, CHARLES BERTRAND, RICHARD BAMBACE, and JULIE McGUINNESS, on behalf of themselves and certain other RETIRED EMPLOYEES of the CITY OF WHITE PLAINS formerly in the CSEA BARGAINING UNIT, as and for a Complaint, respectfully allege as follows:

### INTRODUCTION

1. Plaintiffs bring this action on behalf of themselves and the class they represent, pursuant to 42 U.S.C. §1983, to obtain redress for violation of rights guaranteed by reason of the Contracts Clause contained in Article I, Section 10 of the United States Constitution. Further, plaintiffs and the class they represent assert a pendant state claim for breach of contract.

2. In violation of the United States Constitution and their legal obligations, defendants have passed a local law which impairs and breaches the contracts of plaintiffs and the class they represent.

3. More specifically, effective July 1, 2010, defendants are requiring plaintiffs and the class they represent, all retirees, to now, for the first time, contribute certain amounts to their health insurance, in blatant violation of the legal and contractual promises made to them while they faithfully worked for the City of White Plains, with the effect that these retirees will be irreparably damaged, greatly financially impacted, and some may lose their health insurance at this vulnerable time of their lives.

4. Plaintiffs seek for themselves and the class they represent money damages, declaratory and injunctive relief, rescission of the involved local law as unconstitutional, and the attorney fees, costs and disbursements of this action.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367. This Court has supplemental jurisdiction of plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is proper in the Southern District of New York as all of the defendants are locally headquartered or have a place of official business in the City of White Plains, New York, and the causes of action arose in White Plains, New York.

## INDIVIDUAL PLAINTIFFS

7. Plaintiff NICHOLAS ROSSI is a resident of the County of Westchester, State of New York, and was an employee of the City of White Plains (hereinafter "City") for 28 years until his retirement in or about December of 2002.

8. Plaintiff CHARLES BERTRAND is a resident of the State of Florida, and was an employee of the City for 23 years until his retirement in or about November of 1996.

9. Plaintiff RICHARD BAMBACE is a resident of the County of Westchester, State of New York, and was an employee of the City for 22 years until his retirement in or about 2006.

10. Plaintiff JULIE McGUINNESS is a resident of the County of Westchester, State of New York, and was an employee of the City for 20 years until her retirement in or about December of 2002.

11. Each of the above individual plaintiffs were, at the time of their retirement, employees in the collective bargaining unit duly recognized and existing, pursuant to Article 14 of the New York State Civil Service Law, of the Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter "CSEA"), and, as such, each of the individual plaintiffs were covered by the terms and provisions of the collective bargaining agreements then in effect and existing between the CSEA and the City.

## THE CLASS

12. The class represented by plaintiffs in this action, and of which plaintiffs are members, consists of all living retired employees of the City, who were hired before July 1, 1995, and who had been in the bargaining unit of employees of the City represented by CSEA and therefore covered by the collective bargaining agreements between CSEA and the City at the time of their retirement, and all spouses and dependents of such retirees.

13. The exact number of members of the class, as hereinabove identified and described, is not known, but they are more than 100 members and, upon information and belief, the number may be as high as 400 persons. The class is so numerous that joinder of individual members herein is impractical.

14. This action is brought by plaintiffs as a class action, on their behalf and on behalf of all others similarly situated, under the provisions of FRCP Rule 23, for a declaration by this Court of the rights and other legal relations of the plaintiffs and the defendants created by reason of the collective bargaining agreements hereinafter described; for a declaration that the defendants are obligated to maintain employer fully paid health insurance as was in effect at the time each plaintiff retiree retired by reason of said agreements; for a declaration that a retiree's rights are dictated by the agreement in effect at the time of said retirement; for a declaration that each agreement constitutes a binding and enforceable contract between plaintiff retirees and defendant City; for a declaration that the defendants have breached its obligations to each plaintiff retiree pursuant to each respective agreement; for a declaration that the City has passed a law that impairs its obligation in the contract to each retiree; and that the Court order and direct defendants to account to and pay each plaintiff retiree for all additional outlays and expenditures made by such plaintiff retirees because of the changes in health insurance instituted by the defendants.

15. There are common questions of law and fact in the action that relate to and affect the rights of each member of the class, namely whether: (a) all members of the class were entitled to employer fully paid health insurance from the City upon retirement pursuant to the collective bargaining agreement between the County and CSEA under which that employee retired; (b) the provision of said health insurance in such a fashion was a vested right of each

4

retiree pursuant to said agreement; (c) said health insurance is deferred compensation for services faithfully rendered to the City by the retirees; (d) the City has breached said agreement by changing the health insurance coverage to the retirees effective July 1, 2010; and (e) that the defendants are thereby prohibited from denying or ignoring the applicable contracts.

16. The relief sought, as set forth above, is common to the entire class.

17. The claims of the named plaintiffs, who are representatives of the class herein, are typical of the claims of the class in that the claims of all members of the class, including plaintiffs, depend on the showing of the unilateral, improper acts of the defendants in altering vested benefits and rights, giving rise to the right of plaintiffs to the relief sought herein. There is no conflict as between any individually named plaintiffs and other members of the class with respect to this action, or with respect to the claims for the relief set forth herein.

18. The named plaintiffs are the representative parties for the class and are able to, and will, fairly and adequately protect the interests of the class.

19. The attorneys for plaintiffs are experienced and capable in litigation in the field of contract benefits pursuant to collective bargaining agreements.

20. This action, accordingly, is properly maintained as a class action inasmuch as the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## DEFENDANT PARTIES

21. Defendant CITY OF WHITE PLAINS is a political subdivision of the County of Westchester, the State of New York, organized and existing pursuant to the laws of the State of New York.

22. Defendant ADAM T. BRADLEY is the Mayor of the City and is sued herein in his official capacity.

23. Defendant COMMON COUNCIL is the legislative body of the City.

24. Defendants THOMAS M. ROACHE, BENJAMIN BOYKIN, II, DAVID BUCHWALD, BETH M. SMAYDA, DENNIS J. POWER, and MILAGROS LECUONA are members of the Common Council and are sued herein in their official capacity.

## STATEMENT OF FACTS

25. For more than 20 years prior to 1995, the City provided, pursuant to city law and ordinance and the intent and agreement of the City and CSEA, employer fully paid health insurance to CSEA unit employees who retired after five years of service with the City.

26. Effective July 1, 1995, the following language was added to the collective bargaining agreement between the City and CSEA:

> ARTICLE V
> EMPLOYEE BENEFIT PLANS
>
> B. Health Insurance/Retirees
>
> Employees hired on or after July 1, 1995 and who are otherwise eligible to receive health insurance benefits in retirement from the City shall be entitled to maintain the level of health insurance benefits (individual or family) enjoyed by the employee at the time of retirement and to have the City contribute premiums pursuant to the following schedule:
>
> | Completed years of City Service | City Contribution |
> |---|---|
> | 20 or more | 100% (individual/family) |

| | |
|---|---|
| 15-19 | 80% (individual/family) |
| 10-15 | 50% (individual) |
| | 35% (family) |
| Less than 10 | 0% |

The City shall waive the twenty years service requirement in the case of an employee who is eligible for, and receives benefits pursuant to, RSSL Section 63 (accidental).

27. Said contractual provision codified retiree health insurance benefits and clarified the parties' agreement that all retirees would continue to have their health insurance paid after retirement but only those hired before July 1, 1995 would continue to have 100% of the premiums paid by the City.

28. Said contractual provision explicitly set forth the parties' understanding that only employees hired after July 1, 1995, would be required to contribute toward the payment of premiums where retirees had less than 20 years of service with the City.

29. It was specifically the intent and agreement of the parties that CSEA unit employees who were hired before July 1, 1995, would receive employer fully paid health insurance with no retiree contribution.

30. Each collective bargaining agreement thereafter between the City and CSEA has contained the same language up to the present time.

31. Consistent with the parties' agreements, from 1995 to the present, all CSEA unit employees who had been hired prior to July 1, 1995, received employer fully paid health insurance from the City upon their retirement.

32. Each plaintiff herein and member of the class they represent had, prior to his or her retirement, faithfully rendered services to the City and, as such, had completely performed his or her duties pursuant to the applicable collective bargaining agreement.

33. The maintenance of employer fully paid health insurance coverage after retirement is a bargained-for form of deferred compensation for services duly and faithfully rendered by each plaintiff and the class they represent.

34. The provision of employer fully paid health insurance coverage provided by defendants was and is a contract benefit which vested at the time of the retirement of each plaintiff and the class they represent.

35. Each collective bargaining agreement constituted a binding and enforceable agreement between each retiree and the City, to provide employer fully paid health insurance.

36. The City was and is thereby obligated to maintain employer fully paid health insurance coverage for each plaintiff and the class they represent by reason of the aforementioned contracts.

37. On May 24, 2010, however, the defendants adopted an ordinance "Amending various sections of the White Plains Municipal Code in Relation to Appointed, Elected, Managerial Confidential and Retiree Health Benefits" (the "Health Benefit Related Ordinance").

38. The defendants acted jointly and severally, under color of law, without prior notice to plaintiffs or the class they represent, and without a public hearing, when they adopted the aforesaid "Health Benefit Related Ordinance."

39. Pursuant to the "Health Benefit Related Ordinance," the defendants now required, for the first time, retirees who were hired before July 1, 1995, to pay fifteen (15%) percent of the premium for health insurance benefits in order to continue to be entitled to receive said benefits.

40. On or about June 3, 2010, the defendants caused plaintiffs and the class they represent to be notified via letter that they were now each being required to make such

Dated: Albany, New York
August 4, 2010

                                  Yours, etc.,

                                  NANCY E. HOFFMAN
                                Attorney for Plaintiffs

                                By: _____
                                Timothy Connick, of counsel
                                Bar Code No. TC1064
                                Civil Service Employees Association, Inc.
                                Box 7125, Capitol Station
                                143 Washington Avenue
                                Albany, New York 12224
                                (518) 257-1443
                                tim.connick@cseainc.org